IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:22-cr-50 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ENDS OF JUSTICE ORDER** |
| | : | |
| Cristian Osvaldo Elgueta-Alvarez, *et al.*, | : | |
| | : | |
| Defendants. | : | |

The Court held a status conference in this matter on August 15, 2023.  Defendants are accused of committing crimes related to the sale of methamphetamine on the dark web. Defendant Elgueta-Alvarez is not in the United States and has yet to make his initial appearance, but counsel has been appointed for him.  Counsel advised the Court that they had reviewed discovery and negotiated plea agreements but required additional time to finalize plea negotiations.  Furthermore, Counsel requested additional time to resolve issues pertaining to Defendant Elgueta-Alvarez in order to allow him to come to the United States.  Counsel requested that the court schedule another status conference in 60 days.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by . . . [continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial."  A court is to consider a number of factors in "determining whether to grant [such] a

continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny the defendant . . . continuity of counsel, or . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The Sixth Circuit has stressed that there is only one speedy trial clock in multi-defendant prosecutions in which a severance has not been granted. *United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990); *see also United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991) (applying one speedy trial clock to all defendants). Thus, any continuance granted is applicable to all Defendants in this matter. Additionally, under the Speedy Trial Act, the speedy trial clock begins to run at the later of the unsealing of the indictment or the initial appearance of a defendant. 18 U.S.C. § 3161(c)(1). Since there is typically one trial clock for all defendants in a case, the trial clock usually begins to run only when the last unsealing of an indictment or initial appearance occurs. *Henderson v. United States*, 476 U.S. 321, 323 n. 2 (1986); *United States v. Coviello*, 280 F. App'x 520, 523 (6th Cir. 2008). Since Elgueta-Alvarez has not yet made an initial appearance, the speedy trial clock has not yet begun to run. Even if the speedy trial clock has begun to run, the time between August 15, 2023, and October 17, 2023, should be excluded.

The Court is satisfied all counsel are exercising due diligence in this matter. However, Counsel require additional time to finalize pleas. Therefore, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), (ii) and (iv), the ends of justice served by excluding this period from the speedy trial calculation outweigh the best interest of the public and Defendants to a speedy trial.

Accordingly, the Court **SETS** this matter for a Status Conference on **October 17, 2023 at 10:00 a.m.**  The days from August 15, 2023 to October 17, 2023 shall be excluded from the speedy trial calculation.

**IT IS SO ORDERED**.

S/Susan J. Dlott
Judge Susan J. Dlott
United States District Court